***********
The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Pfeiffer. The appealing party has shown good grounds to reconsider the evidence, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 *********** STIPULATIONS
1. At and subsequent to the deputy commissioner hearing, the parties submitted plaintiff's medical records. These medical records have been marked collectively as stipulated exhibit 1 and are made a part of the record in this matter. In addition, the deputy commissioner sent letters to Drs. Robert A. Wainer, Roger Hershline, and Ann M. Kulik. Each of these physicians responded by letter. These three physician letters have been marked collectively as stipulated exhibit 2, and are also made part of the record in this matter.
2. The issue presented is whether plaintiff is entitled to workers' compensation benefits, including additional medical compensation, as a result of the alleged injury by accident to her left foot on 6 May 2002. Before the Full Commission Plaintiff complains that she is entitled to workers' compensation benefits for the entire time period that she was off from work for her injury, including the time when she was scheduled to take vacation.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission makes the following
 FINDINGS OF FACT
1. On the date of the deputy commissioner hearing in the matter, plaintiff was 44 years old, married, with two children under the age of eighteen. Plaintiff has four years of a college education. Plaintiff became employed with defendant-employer in June 1983 as a flight attendant. As of the date of the deputy commissioner hearing, plaintiff remained employed by defendant-employer as a flight attendant.
2. On 6 May 2002 plaintiff was working on a flight when a beverage cart rolled over the second toe on her left foot. Plaintiff felt immediate pain and her toe began to swell. Plaintiff reported the incident to the flight's captain, and did not work the last leg of the flight.
3. When the flight got to Charlotte, plaintiff reported the incident to her supervisor at On the Job Injury, and plaintiff was sent to the company doctor, Dr. Hershline at WorkWell. Plaintiff reported to Dr. Hershline that the injury had occurred when a beverage cart rolled over her foot. Dr. Hershline did a cursory exam, but noted that plaintiff's ambulation was normal. Dr. Hershline felt that the injury was superficial so therefore did not merit x-rays at that point. Plaintiff was instructed to return if in a few days her pain had not subsided. According to his note of that day, Dr. Hershline felt that plaintiff was capable of continuing to work.
4. Plaintiff testified that Dr. Hershline would have written her out of work the following day had she not informed him that she already was scheduled to take a vacation beginning the following day, 7 May 2002. Dr. Hershline's records from the 6 May 2002 visit indicate that her injury was minimal and that plaintiff probably could work, unless her symptoms increased or persisted, in which case plaintiff was to return to Dr. Hershline.
5. On 7 May 2002 plaintiff presented to her family physician, Dr. Kulik, and plaintiff again gave a history of injuring the second toe on her left foot when a beverage cart rolled over her foot. Dr. Kulik ordered x-rays. The x-rays demonstrated no evidence of fractures, but did reveal an irregularity of the cortex of the head of the left second metatarsal. This irregularity is likely due to a preexisting, nondisabling bunion deformity. Dr. Kulik noted that plaintiff's toe was swelling and throbbing and that plaintiff could not get her shoe on. Dr. Kulik recommended that plaintiff use "buddy tape" to tape her toes together for a few weeks.
6. Thereafter, on 14 May 2002 plaintiff presented of her own volition to Dr. Wainer, an orthopaedic surgeon with whom plaintiff had treated in the past for medical reasons unrelated to her left foot injury. Plaintiff reported a history of injuring her foot when it was run over by a beverage cart, and was noted to have pain, swelling, and toe numbness with exercise. Dr. Wainer diagnosed foot contusion, wrote plaintiff out of work through 23 May 2002, and prescribed frequent icing of her foot as well as grape seed extract for an anti-inflammatory.
7. Plaintiff reported back to Dr. Hershline on 17 May 2002, at which time he ordered x-rays; the x-rays again revealed no fractures. Dr. Hershline took plaintiff out of work from 17 May 2002 through 21 May 2002. On 21 May 2002 plaintiff returned to Dr. Hershline with the x-ray results. Dr. Hershline released plaintiff to return to full duty work as of that day. Plaintiff has not seen Dr. Hershline since 21 May 2002 for her foot injury.
8. Plaintiff continued to treat with Dr. Wainer. When she saw this physician on 23 May 2002, he diagnosed left foot contusion with traumatic metatarsalgia, and placed her in a metatarsal pad on an air pillow. Dr. Wainer released plaintiff to return to work the following day, but she was to use ice and elevation as necessary. Dr. Wainer's 16 December 2002 letter indicates that he wrote plaintiff out of work through 4 June 2002; however, there is no medical note in evidence to confirm that plaintiff was taken off from work through 4 June 2002. Therefore, the Full Commission gives greater weight to the 23 May 2002 note from Dr. Wainer releasing plaintiff to return to work as of 24 May 2002.
9. Plaintiff returned to Dr. Wainer on 15 July 2002 with complaints of pain and intermittent swelling. At this time, Dr. Wainer ordered an MRI. The MRI results revealed bone marrow edema, or, swelling, which is consistent with a soft tissue injury. Dr. Wainer did not write plaintiff out of work on 15 July 2002.
10. Plaintiff last saw Dr. Wainer for her left foot injury on 10 September 2002, at which time he continued the metatarsal pad and prescribed an anti-inflammatory medication. Plaintiff was to continue working.
11. Plaintiff was out of work from 7 May through 17 May 2002 on a previously scheduled vacation. Dr. Hershline wrote plaintiff out of work from 17 May through 21 May 2002. Dr. Wainer wrote plaintiff out of work from 14 May through 23 May 2002. Plaintiff returned to work on a trip for defendant-employer some time after 23 May 2002. Plaintiff was able to work on this flight, albeit with some pain and discomfort. Although no doctor provided plaintiff with off-from-work slips from 7 May through 16 May 2002, the greater weight of the evidence suggests that plaintiff's injury to her toe prevented her from wearing her shoe and that she would not have been able to work during this period. The Commission finds that plaintiff should or would have been taken off from work but for the fact that she was not working during this period because of her previously scheduled vacation.
12. Plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer on 6 May 2002 when a beverage cart rolled over her left foot.
13. As a result of the injury by accident to her left foot, plaintiff suffered from pain and swelling, and was disabled from 7 May through 23 May 2002 (taking into account both Drs. Hershline's and Wainer's out of work notes). Plaintiff thereafter returned to work, and despite pain and discomfort, she continued to work thereafter, and has not missed additional time from work.
14. Plaintiff was temporarily totally disabled from 7 May 2002 through 23 May 2002, based upon the fact that she returned to work after 23 May 2002. Plaintiff is only entitled to benefits, however, for ten (10) of these days because there is a seven-day waiting period that applies such that no compensation is allowed for the first seven calendar days of disability unless the disability lasts longer than 21 days.
15. Plaintiff has not retained a permanent partial impairment as a result of the injury to her left foot.
16. There remains the possibility that plaintiff may be in need of additional medical treatment for her left foot. However, as of the date of the hearing in the matter, plaintiff's complaints had improved and she had begun weight-bearing exercises again.
17. Plaintiff had the right to choose her own physician, subject to the approval of the Industrial Commission. It was reasonable for plaintiff to seek treatment from Dr. Kulik, her family doctor, and Dr. Wainer, her previous orthopaedic surgeon, especially given the fact that defendants had not accepted her claim as compensable other than as a medicals-only claim. Plaintiff's treatment with Drs. Kulik and Wainer was reasonably necessary to effect a cure, give relief, or lessen the period of her disability.
18. Defendant's Form-19 states that plaintiff was paid $43.93 per hour or $351.44 per day, which would produce the maximum compensation rate of $654.00 per week.
19. During oral argument, plaintiff requested that defendant reinstate her vacation time because she should have been off during this time period on workers' compensation rather than using her vacation time. Defendant responded that plaintiff was paid for the vacation time and that if plaintiff wanted to have her vacation time reinstated that she would have to reimburse defendant-employer for the time paid for vacation (i.e.: plaintiff cannot receive both additional vacation time and keep the payment for the vacation time).
 ***********
The foregoing findings of fact result in the following additional
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 6 May 2002 to her left foot. N.C. Gen. Stat. § 97-2(6).
2. As a result of the injury by accident to her left foot, plaintiff received medical treatment that was reasonably necessary to effect a cure, give relief, or lessen the period of her disability. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
3. Plaintiff had the right to choose her own treating physician, subject to Industrial Commission approval, particularly given the fact that plaintiff's claim was not admitted as compensable by defendants other than as a medicals-only claim. Plaintiff's treatment by Drs. Kulik and Wainer was reasonable, given the circumstances of the case, and approved herein. Plaintiff is entitled to have defendants provide her with the treatment she received from these two physicians. N.C. Gen. Stat. § 97-25; Schofield v. Great Atlantic Pacific Tea Co.,299 N.C. 582, 264 S.E.2d 56 (1980).
4. Plaintiff was temporarily totally disabled from 7 May 2002 through 23 May 2002, after which time she returned to work. N.C. Gen. Stat. § 97-29. However, taking into account the seven-day waiting period, plaintiff is entitled to benefits for ten (10) days. N.C. Gen. Stat. § 97-28.
5. Plaintiff has not retained any permanent partial impairment as a result of the injury by accident to her left foot. N.C. Gen. Stat. § 97-31(14).
6. The parties have not stipulated to an average weekly wage for plaintiff; nor have defendants submitted a Form 22 wage chart from which her wages can be calculated. Defendant's Form-19 states that plaintiff was paid $43.93 per hour or $351.44 per day, which would produce the maximum compensation rate of $654.00 per week.
7. The Industrial Commission does not have jurisdiction to determine whether plaintiff's vacation time will be reinstated; however, the obligation of defendants to pay plaintiff the compensation herein does not change irrespective of whether plaintiff chooses (1) to keep the past payment for vacation time and not have the days reinstated, or (2) to repay the amounts paid for the vacation time and have the vacation days reinstated.
 ***********
The foregoing findings of fact and conclusions of law result in the following
 AWARD
1. Defendants shall provide plaintiff with all related medical treatment, including that provided by Drs. Kulik and Wainer, which was reasonably necessary to effect a cure, give relief, or lessen the period of her disability.
2. Defendants shall pay to plaintiff temporary total disability compensation for 1-3/7 of a week (10 days) at the appropriate compensation rate of $654.00 per week.
3. Plaintiff is not otherwise entitled to temporary total, temporary partial, or permanent partial disability compensation benefits.
4. Defendants shall bear the costs of this proceeding.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/__________________ BERNADINE S. BALANCE COMMISSIONER